IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAUL A. COLLUCCI,
*Plaintiff,*

Civil Action No. 3:14-cv-397-JAG

v.

TYSON FARMS, INC.,
*Defendant.*

## MEMORANDUM OPINION

The plaintiff brings this employment discrimination action after filing for bankruptcy. The defendant contends that the Court should apply the doctrine of judicial estoppel to bar the plaintiff's suit because of his failure to disclose his Equal Employment Opportunity Commission ("EEOC") charge during the bankruptcy proceedings. The Court finds that the bankruptcy court did not "accept" the plaintiff's position that he had no legal claims against the defendant because the bankruptcy court has yet to grant the plaintiff relief or close his bankruptcy case. For this reason, the Court denies the defendant's motion for judgment on the pleadings.

### I. Facts[1]

The plaintiff, Paul A. Collucci ("Collucci"), worked for Tyson Farms ("Tyson") as a Human Resources manager at the Glen Allen and Crewe facilities in Virginia. On January 26, 2011, Collucci filed a charge against Tyson with the EEOC, claiming age discrimination.

---

[1] The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as the standard used in a Rule 12(b)(6) motion for failure to state a claim. *See Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). A Rule 12(c) motion tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Collucci and Tyson mediated the charge resulting in a settlement agreement. Pursuant to the April 28, 2011 settlement agreement, Tyson agreed to rescind Collucci's termination, to continue employing him as a Human Resources Manager and Tyson agreed that it would not retaliate against Collucci. Two years later, Tyson terminated the plaintiff's employment.

On May 13, 2013, following Collucci's termination, Collucci filed a second charge of discrimination with the EEOC. After receiving a right to sue letter from the EEOC, Collucci filed this suit on June 4, 2014. On June 18, 2013, prior to the instant lawsuit but after Collucci's termination, Collucci filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. The bankruptcy court confirmed Collucci's plan on September 4, 2013. Collucci did not notify the bankruptcy court that he had filed a charge of discrimination with the EEOC until October 16, 2013, even though applicable law required him to list any contingent and unliquidated claims on his personal property schedule.

On October 16, 2013, Collucci filed an amended personal property schedule with the bankruptcy court, listing his EEOC charge as a contingent unliquidated claim (on Schedule B) and claimed the claim as exempt (on Schedule C). Collucci listed the "current value" of this property as $1.00. The bankruptcy trustee did not express any objection to the amended schedule and did not seek leave to modify the confirmed plan to account for the newly listed asset. On June 5, 2014, the day after Collucci filed this suit, Collucci again amended his personal property schedule to show that the employment claim had changed from an EEOC charge to litigation. Collucci identified this lawsuit by name and case number and claimed an exemption for this lawsuit, listing the value of the exemption and the value of the lawsuit as "unknown." Since that time, the bankruptcy trustee has not expressed any objection to the

amended schedule, and the bankruptcy court has yet to confirm it. Collucci's Chapter 13 plan has an intended duration of 60 months and will terminate in 2018.

## II. Discussion

Tyson argues judicial estoppel applies because Collucci failed to disclose his EEOC charge during the bankruptcy proceedings, and the bankruptcy court accepted his position by confirming the bankruptcy plan. The Court declines to invoke judicial estoppel because the bankruptcy court has not accepted Collucci's prior inconsistent position.

Judicial estoppel represents "an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts" and "to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998) (citations omitted). The doctrine exists "to protect the integrity of the judicial system." *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). "As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided upon its own specific facts and circumstances." *Id.*

The Fourth Circuit has permitted district courts to apply judicial estoppel when:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*Folio*, 134 F.3d at 1217 (4th Cir. 1998) (citing *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996), *cert. denied*, 519 U.S. 1113, 117 S.Ct. 954 (1997)). The Court finds the first two prongs perhaps satisfied. Collucci did not list his EEOC charge during his bankruptcy proceeding, but now asserts a claim. This may constitute a position of fact, not of law. But judicial estoppel

3

cannot apply because Collucci does not meet the third prong—acceptance by the bankruptcy court—because those proceedings remain open.

In *Royal v. R & L Carriers Shared Services, LLC*, 2013 WL 1736658 (E.D. Va. Apr. 22, 2013), this Court declined to follow the position taken in the Fifth Circuit that a bankruptcy court's confirmation of a debtor's repayment plan satisfies the acceptance element of the judicial estoppel test. Instead, this Court recognized that "[a]ll of the leading cases—both within this circuit and otherwise—in which courts have invoked judicial estoppel involved debtors who had already completed bankruptcy and, typically, gotten relief as well." *Id.* at *6 (citing *Guay v. Burack*, 677 F.3d 10, 17-18 (1st Cir. 2012) ("[T]he district court emphasized Guays' failure to disclose their claims in the bankruptcy proceeding and the discharge obtained in that proceeding . . . . A bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy scheduled when it grants the debtor relief such as discharge, on the basis of those filings."). This case is not distinguishable from *Royal*.

Because the Court concludes that no other court accepted Collucci's prior inconsistent position, the Court, in the exercise of its discretion, declines to invoke judicial estoppel.

### III. Conclusion

The Court DENIES the motion for judgment on the pleadings because the defendant has not established the appropriateness of judicial estoppel in this case.

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: 12/4, 2014
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

4